**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BRT Funding, LLC, a Delaware limited liability company,<br><br>  Plaintiff,<br><br>vs.<br><br>Carlsbad Development I, LLC, a Utah limited liability company; Richard C. Bennion and Jane Doe Bennion, husband and wife; Tad Gygi and Jane Doe Gygi, husband and wife; Randy Krantz and Jane Doe Krantz, husband and wife; and D. Gregory Hales and Jane Doe Hales, husband and wife,<br><br>  Defendants. | No. 08-1151-PHX-FJM<br><br>**ORDER** |

This action arises out of a loan agreement between the parties. Defendants did not file an answer and were defaulted. We have before us defendants Richard and Joan Bennion, Tad and Colleen Gygi, Randy and Susan Krantz, and D. Gregory and Terri Hales's motion for Rule 55(c) relief from entry of default (doc. 34), plaintiff BRT Funding, LLC's ("BRT") response (doc. 35), and defendants' reply (doc. 36). We also have before us plaintiff's motion for entry of default judgment and application for award of attorneys' fees (doc. 28) and declarations in support of the motion (docs. 30 & 31). The court also has before it Philip Mitchell and Cory Foley's unopposed motion to withdraw as attorneys of record for defendants (doc. 37).

**I**

On March 20, 2007, BRT made a loan of $27,000,000 to Carlsbad Development I, LLC ("Carlsbad") for the purchase of the Falcon Glen apartments in Mesa, Arizona. On the same date, Richard Bennion, Tad Gygi, Randy Krantz, and D. Gregory Hales (collectively, "guarantors") entered into a guaranty agreement with BRT for the full amount of the loan. Under the terms of the loan agreement, Carlsbad was responsible for making monthly interest payments to BRT with the entire balance of the loan due on April 1, 2008. Carlsbad began to miss payments in October 2007 and failed to repay the principal balance once the note matured. Guarantors also failed to make any of the missed payments or repay the principal balance.

In May 2008, BRT filed an action in this court for breach of the loan agreement and guaranty against Carlsbad, guarantors, and their wives. See BRT Funding, LLC v. Carlsbad Dev. I, LLC et al., CV-08-00749-PHX-JAT. On June 12, 2008, that action was dismissed without prejudice for failure to show subject matter jurisdiction.[1] Plaintiff filed the present action for breach of the loan agreement and guaranty on June 20, 2008. On July 24, 2008, after defendants failed to appear and defend, the clerk entered their default on plaintiff's motion pursuant to Rule 55(a), Fed. R. Civ. P. (doc. 27). Plaintiff moved for default judgment and attorneys' fees on January 20, 2009. While that motion was pending, defendants filed their motion for relief from the entry of default.

**II**

Rule 55(c), Fed. R. Civ. P., allows a court to set aside an entry of default for "good cause." Although a finding of "good cause" is ultimately within the discretion of the court, Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir.1986), three factors

---

[1] In the prior action, plaintiff failed to establish diversity jurisdiction because it did not include in its pleadings the citizenship of each member of plaintiff and defendant LLCs. See BRT, CV-08-00749-PHX-JAT (doc. 34). Plaintiff has included the citizenship of its and Carlsbad's members in the present complaint, and has sufficiently plead diversity jurisdiction. See Complaint ¶¶ 3-19, 22.

should be considered: "(1) whether the defendant[s'] culpable conduct led to the default; (2) whether the defendant[s have] a meritorious defense; and (3) whether reopening the default judgment would prejudice the plaintiff." Employee Painters' Trust v. Ethan Enters., Inc., 480 F.3d 993, 1000 (9th Cir. 2007) (quotation omitted). "This tripartite test is disjunctive" and a finding against defendants on any of the three prongs would justify denying relief. Hammer v. Drago, 940 F.2d 524, 526 (9th Cir. 1991).

### A. Culpable Conduct

Plaintiff claims that the defendants are culpable for not responding to the complaint because they received actual or constructive notice of the action and failed to answer. However, a default is only culpable, "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." TCI, 244 F.3d at 698. Defendants claim their failure to respond was not intentional because: (1) plaintiff did not properly serve defendants' designated agent; (2) defendants' counsel was not notified when this action was filed, despite requesting notification; and (3) defendants' designated liaison to counsel failed to make contact due to personal issues.

The defendants' failure to answer in this action appears to have arisen from a convoluted set of events largely attributable to negligence by defendants and their agents. On June 27, 2008, defendants' designated agent was given the complaint in the present action.[2] However, because he believed the complaint to be a copy of the May 2008 complaint, which he was not aware had been dismissed, he disregarded these papers without taking any action. Motion for Relief, Ex. 2 ¶10. Also, defendants appear to have assumed that their counsel would properly respond to the complaint, even though neither guarantors nor their wives had contact with counsel.[3] After learning of the entry of default, defendants

---

[2]The process server's sworn affidavit claims that the complaint was personally served on Gayana Girgoryan, Nathan Dorius's legal assistant (doc. 7).

[3]Randy Krantz had been designated as guarantor's liaison to counsel, but claims that he ceased communication with counsel in June because he was dealing with the severe illness and ultimate passing of two close family members. Motion for Relief, Ex. 4. Krantz failed

allocated all of their "limited funds and resources" to "negotiating and restructuring the Loan with BRT" until entering bankruptcy in November 2008. Motion for Relief, Ex. 3 ¶9. Defendants chose not to make a filing with the court until requesting leave to file the present motion on February 27, 2009.

Although the actions of defendants and defendants' agent demonstrate an egregious amount of neglect, defendants' conduct does not show a deliberate attempt to manipulate the legal system. Plaintiff relies on Haw. Carpenters', 794 F.2d at 512, for the proposition that defendants were required to take some action in this case while trying to reach a settlement agreement. The court in Haw. Carpenters', however, was referring to the parties' duty to respond to a complaint while attempting to settle, not a duty to seek relief after default had been entered. While we agree that a better course would have been for defendants' to seek relief from default during negotiations, a failure to do so does not necessarily make their conduct culpable. Moreover, plaintiff's claims of prejudice from the delay are not entirely credible because it did not file a motion for default judgment and attorney's fees until January 2009, nearly six months after default was entered. Defendants' conduct was inexcusably negligent, and thus had default judgment been entered, we would not have set it aside.

**B. Meritorious Defense**

Defendants are also "required to make some showing of a meritorious defense as a prerequisite to vacating an entry of default." Haw. Carpenters', 794 F.2d at 513. A defense is meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." Id. Defendants are required to "present specific facts that would constitute a defense," but "the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." TCI, 244 F.3d at 700.

---

to inform any of the other defendants of his inability or unwillingness to communicate with counsel.

- 4 -

Defendants claim that they have a meritorious defense because guarantors' wives, Joan Bennion, Colleen Gygi, Susan Krantz, and Terri Hales, did not sign the guaranty agreement and are not, therefore, liable under its terms. Plaintiff argues that guarantors' wives were included as defendants to satisfy Arizona's community property laws. However, "Arizona courts have long held that the property rights of a husband and wife are governed by the law of the couple's matrimonial domicile at the time of the acquisition of the property." Lorenz-Auxier Fin. Group v. Bidewell, 160 Ariz. 218, 220, 772 P.2d 41, 43 (Ct. App. 1989) (citation omitted). In this case, guarantors and guarantor's wives are allegedly domiciled in Utah, which is a non-community property state. See U.C.A. § 30-2-5. Because they may not, therefore, have liability under Utah law, guarantors' wives, Joan Bennion, Colleen Gygi, Susan Krantz, and Terri Hales, have presented a meritorious defense to plaintiff's claims.

Defendants Richard Bennion, Tad Gygi, Randy Krantz, and D. Gregory Hales, however, have failed to present any defense to plaintiff's claims. Accordingly, we conclude that defendants Richard Bennion, Tad Gygi, Randy Krantz, and D. Gregory Hales have failed to show "good cause" why the entry of default should be set aside as to them. Haw. Carpenters', 794 F.2d at 513 ("To permit reopening of the case in the absence of some showing of a meritorious defense would cause needless delay and expense to the parties and court system."). We must, however, continue the "good cause" analysis regarding defendants Joan Bennion, Colleen Gygi, Susan Krantz, and Terri Hales.

### C. Prejudice

Finally, defendants must show that plaintiff will not be prejudiced if the entry of default is vacated. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case . . . 'the standard is whether [plaintiff's] ability to pursue his claim will be hindered.'" TCI, 244 F.3d at 701 (quotation omitted). Plaintiff claims that it will be prejudiced because Carlsbad is in bankruptcy and "[t]he longer BRT is forced to wait before obtaining judgment, the greater the likelihood that whatever it collects will ultimately not be sufficient to satisfy the judgment." Response at 8. We do not

find this claim credible.  Although default was entered in July 2008, plaintiff waited until January 2009 to even move for default judgment.  We find no prejudice to plaintiff if default is vacated apart from the customary delay of litigation, which is insufficient.  Accordingly, relief from entry of default is granted as to Joan Bennion, Colleen Gygi, Susan Krantz, and Terri Hales.

**III**

Because we deny relief from entry of default for the guarantors, we must now address plaintiff's motion for default judgment as to those defendants.  Whether to enter default judgment is within our discretion.  <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir.1980). After entry of default, the factual allegations of the complaint are taken as true, except those allegations relating to damages.  <u>See</u> <u>Geddes v. United Fin. Group</u>, 559 F.2d 557, 560 (9th Cir. 1977).  Plaintiff must prove the amount of damages to which it is entitled.  <u>Philip Morris USA, Inc. v. Castworld Prods., Inc.</u>, 219 F.R.D. at 494, 498 (C.D.Cal.2003).  Plaintiff seeks an award of $32,359,976.62–$26,843,345.00 as the principal amount due under the loan, $5,423,183.00 in accrued interest from January 1, 2008 through November 30, 2008, and $93,448.62 in attorneys' fees and costs.  Plaintiff also claims that it is entitled to recover post-judgment interest at a rate of 24.5% per annum.  We find the evidence submitted insufficient to prove plaintiff's claim for damages.

The only evidence plaintiff has submitted regarding the outstanding principal due on the loan and the amount of accrued interest is the declaration of Lonnie Halpern, vice president of BRT.  Halpern's declaration fails to provide any specific evidence regarding the number or amount of payments Carlsbad or guarantors made to BRT, or any other explanation as to how the amounts sought were calculated.  The declaration also states that the loan documents specify an interest at a rate of 24.5% per annum, but plaintiff has not actually submitted any of the loan documents.  Moreover, plaintiff does not explain why

accrued interest is being requested for the period from January 1, 2008 until November 30, 2008.[4]

Plaintiff also seeks over $93,000 in attorneys' fees and costs, which includes large amounts of work performed to recover on the loan outside of this action.[5] Even if plaintiff is entitled to recover attorneys' fees and costs, plaintiff has failed to establish the reasonableness of the amount requested. Plaintiff submitted an itemized billing statement, which includes work performed by eleven attorneys, a summer associate, and three paralegals, each of whom bills at a different hourly rate, but did not provide any information regarding the role or qualifications of any these individuals. We are, therefore, unable to determine whether the rates charged are reasonable from the information provided.

In addition, plaintiff asks for $310.17 in computerized research expenses, but has only provided a summary sheet listing dates and amounts for "Westlaw computerized research" without any detail regarding the purpose of the research. Declaration of Counsel, Ex. B. Plaintiff also requests $1,390.00 in taxable costs under A.R.S. § 12-341, but has submitted only a summary of costs, which does not provide enough information for us to determine the nature of these costs. Declaration of Counsel, Ex. C. These summary exhibits are insufficient for us to determine whether these charges are reasonable and should be recovered by plaintiff.

Accordingly, we conclude that plaintiff has failed to prove any of the amounts it seeks. Plaintiff will have fifteen days from the date of this order to supplement its motion,

---

[4] Although the complaint alleges that defendants failed to make interest payments from January 1, 2008, it also alleges that the entire balance of the loan was due on April 1, 2008. Complaint ¶¶ 52-72. Plaintiff has provided no explanation as to why interest should continue to accrue through November 30, 2008.

[5] Plaintiff claims that it is entitled to attorneys' fees under both the terms of the loan agreements and A.R.S. § 12-341.01(A). However, plaintiff is not entitled to attorneys' fees under A.R.S. § 12-341.01(A) because this was not a contested action. See Morrison v. Shanwick, 167 Ariz. 39, 46, 804 P.2d 768, 775 (Ct. App. 1990) ("[A] contested action is one in which the defendant has appeared and generally defends against the claims and demands made by the plaintiff.").

- 7 -

or its motion for default judgment will be denied. Because defendants have now appeared, we will also allow them an opportunity to respond to plaintiff's motion as supplemented.

**IV**

**IT IS THEREFORE ORDERED GRANTING IN PART AND DENYING IN PART** defendants' motion for relief from entry of default (doc. 34). Entry of default is set aside as to Joan Bennion, Colleen Gygi, Susan Krantz, and Terri Hales.

We reserve decision on plaintiff's motion for default judgment and application for award of attorneys' fees and costs (doc. 28). **IT IS FURTHER ORDERED** that plaintiff shall have fifteen days from the date of this order to provide additional evidence regarding the amount of damages, attorneys' fees, and costs to which it is entitled. If no additional filing is received within that time, plaintiff's motion for default judgment and application for award of attorneys' fees will be denied. Defendants shall have to and including July 10, 2009 to respond to plaintiff's motion as supplemented.

**IT IS FURTHER ORDERED GRANTING** Philip Mitchell and Corey Foley's unopposed motion to withdraw as attorneys of record for defendants (doc. 37).

In addition, although no notice was filed, the parties have informed us that Carlsbad has filed for Chapter 11 bankruptcy. In light of the bankruptcy filing, **IT IS HEREBY ORDERED** that this action is stayed as to defendant Carlsbad ONLY and will be dismissed against defendant Carlsbad without further notice sixty days from the date of this order, unless the court is advised that the bankruptcy stay has been lifted by the bankruptcy judge, or that plaintiff's motion to lift the stay has not been ruled upon.

DATED this 5th day of June, 2009.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge