**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BRT Funding, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>Carlsbad Development I, LLC, a Utah limited liability company; Richard C. Bennion and Jane Doe Bennion, husband and wife; Tad Gygi and Jane Doe Gygi, husband and wife; Randy Krantz and Jane Doe Krantz, husband and wife; and D. Gregory Hales and Jane Doe Hales, husband and wife,<br><br>Defendants. | No. 08-1151-PHX-FJM<br><br>**ORDER** |

We have before us plaintiff BRT Funding, LLC's ("BRT") motion for entry of default judgment and application for award of attorneys' fees (doc. 28), declarations in support of the motion (docs. 30 & 31), and plaintiff's supplemental response to its motion for default judgment and application for attorneys' fees and supporting declarations (docs. 39, 40 & 41). We also have before us plaintiff's notice of relief from the bankruptcy stay for Carlsbad Development I, LLC under 11 U.S.C. § 362(d) (doc. 42).

**I**

This action arises out of a $27,000,000 loan issued by BRT to Carlsbad Development I, LLC ("Carlsbad") and fully guaranteed by Richard Bennion, Tad Gygi, Randy Krantz, and D. Gregory Hales (collectively, "guarantors"). Shortly after the loan was issued, Carlsbad

breached the loan agreement by failing to make required payments. Guarantors also breached their guarantee obligations by failing to repay BRT after Carlsbad missed payments.

Plaintiff filed the present action for breach of the loan and guaranty agreements on June 20, 2008. On July 24, 2008, after defendants failed to appear and defend, the clerk entered their default pursuant to Rule 55(a), Fed. R. Civ. P. (doc. 27). Plaintiff moved for default judgment and attorneys' fees on January 20, 2009. Before we decided the motion for default judgment, guarantors and their wives filed a motion for relief from the entry of default.

By order dated June 8, 2009, we considered both the motion for default judgment and the motion to set aside the entry of default (doc. 38). We granted the motion to set aside the entry of default as to guarantor's wives, Joan Bennion, Colleen Gygi, Susan Krantz, and Terri Hales, but denied it as to guarantors themselves. We also concluded that plaintiff had failed to prove damages and allowed it fifteen days to supplement its filing. Guarantors were allowed until July 10, 2009 to respond to plaintiff's motion for default judgment. Plaintiff timely supplemented its motion for default judgment, and guarantors filed no response.

In our June 8, 2009 order, we also noted that Carlsbad had entered Chapter 11 bankruptcy and provided plaintiff sixty days in which to have the bankruptcy stay lifted. Because plaintiff has shown that the bankruptcy stay has been lifted, we consider plaintiff's motion for default judgment as to guarantors and Carlsbad

**II**

Whether to enter default judgment is within our discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.1980). Factors that we may consider in exercising this discretion include:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir.1986). Plaintiff here has sufficiently plead facts upon which it is entitled to relief and to which guarantors and Carlsbad failed to present a meritorious defense. Moreover, plaintiff will be prejudiced if default judgment is not entered because it will be deprived of a remedy. Default judgment is, therefore, appropriate.

After entry of default, the factual allegations of the complaint are taken as true, except those allegations relating to damages. See Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977). Plaintiff must prove the amount of damages to which it is entitled. Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. at 494, 498 (C.D.Cal.2003). Plaintiff seeks an award of $22,981,129.34–$14,843,345.00 as the principal amount due under the loan, $8,394,324.09 in accrued interest from January 1, 2008 through March 19, 2009, $1,040,477.16 in accrued interest from March 19, 2009 through June 30, 2009, $154,611.10 in taxes, and $93,448.62 in attorneys' fees and costs, less $1,545,076.63 in payments made since January 1, 2008. Plaintiff also claims that it is entitled to recover post-judgment interest at a rate of 24.5% per annum.

**A. Principal Amount**

Plaintiff seeks to recover $14,843,345 as the remaining principal balance of the loan, which represents the full amount of the loan, $27,000,000, less an initial repair reserve of $156,655 and $12,000,000 obtained for the property at a trustee's sale. See Supp. Decl. of Counsel, Ex. A; Halpern Supp. Decl., Ex. 5. After reviewing the supplemental documentation, we conclude that plaintiff has shown that it is entitled to $14,843,345 as the principal still owing.

**B. Interest**

Plaintiff also asks for accrued interest in the amount of $8,394,324.09 for the period from January 1, 2008 until the trustee's sale on March 19, 2009 and interest at an accrued rate of 24.5% on the remaining principal balance from March 20, 2009 forward. The loan documents provide that, in the event of default, plaintiff is entitled to "interest at a rate equal to twenty-four and one-half (24.5%) percent per annum . . . until the principal, together with

accrued interest and any other sums payable by [Carlsbad] under the Loan Documents, are fully paid."[1] Halpern Supp. Decl., Ex. 1 at 2. The document plaintiff uses to support its calculation of interest before the trustee's sale, Halpern Supp. Decl., Ex. 5, however, contains an unexplained interest charge of $283,160.01 for December 2008 at a rate of 12.25% in addition to the interest calculated for the same month at 24.5%. We, therefore, reduce the $8,394,324.09 sought by $283,160.01, the amount of the unexplained entry, and $1,413,265.53, the amount of payments received toward interest, and award $6,697,898.55 in interest through March 19, 2009. We also award interest calculated at a rate of 24.5% per annum of the remaining principal balance from March 20, 2009 until judgment is satisfied.[2]

### C. Taxes

Next, plaintiff requests $154,611.10 for taxes paid from January 1, 2008 through March 19, 2009. Just as with the interest calculation, the document plaintiff has provided to support this claim includes two entries for December 2008. Id. We reduce the amount requested by the first of these entries (the entry appearing out of sequence), which records $12,355.55 in taxes due. Plaintiff also received payment from defendant for $131,811.01 in taxes, which must be subtracted from our award. Accordingly, we award plaintiff $10,444.54 for taxes– $154,611.10 less $12,355.55 and $131,811.01.

### D. Attorneys' Fees

Finally, plaintiff seeks $93,448.62 in attorneys' fees and costs. Although plaintiff's original motion asks for attorneys' fees under both the terms of the loan agreements and A.R.S. § 12-341.01(A), as addressed in our prior order, attorneys' fees are not recoverable

---

[1] Under the guaranty agreement, guarantors are liable for all interest due and payable by Carlsbad. Halpern Supp. Decl., Ex. 3 at 1.

[2] Because parties have contracted for a higher amount, under Arizona law, we do not apply the statutory amount for post-judgment interest. See A.R.S. § 44-1201(C) ("A judgment given on an agreement bearing a higher rate not in excess of the maximum permitted by law shall bear the rate of interest provided in the agreement, and it shall be specified in the judgment."); In re Marriage of Berger, 140 Ariz. 156, 167, 680 P.2d 1217, 1228 (Ct. App. 1983).

- 4 -

under A.R.S. § 12-341.01(A) because this was not a contested action (doc. 38). See Morrison v. Shanwick, 167 Ariz. 39, 46, 804 P.2d 768, 775 (Ct. App. 1990) ("[A] contested action is one in which the defendant has appeared and generally defends against the claims and demands made by the plaintiff."). We look then to the loan agreements to determine if plaintiff is entitled to attorneys' fees, and we conclude that it is. The guaranty agreement explicitly provides that guarantors are responsible for "the payment of any and all expenses which may be paid or incurred by [BRT] in collecting any or all of the sums due, and enforcing any rights under, this Guaranty and the Loan Documents (including, without limitation, attorneys' fees, disbursements and court costs)." Halpern Supp. Decl., Ex. 3 at 1. Carlsbad is similarly obligated to pay attorneys' fees under the loan documents. Halpern Supp. Decl., Ex. 1 at 3-4.

We must, therefore, establish a reasonable fee award for this action. In accordance with LRCiv 54.2(d)(3), plaintiff's supporting documentation includes a task-based itemized statement of fees. Decl. of Counsel, Ex. A. The itemized statement indicates over 275 hours of work, which was performed by eleven attorneys, at rates between $205 and $440 per hour, one summer associate, at a rate of $185 per hour, and three paralegals, at rates between $125 and $200 per hour. Plaintiff's supplemental response describes the roles and general qualifications of the fifteen people involved. Based on this information and our knowledge of the Phoenix legal market, we find the rates charged to be excessive. We conclude that rates of $275 an hour for partners, $200 an hour for mid-level associates, $150 an hour for junior associates, and $90 an hour for paralegals and summer associate are reasonable.

We also find the number of hours worked to be excessive for what has essentially amounted to a default action and a trustee's sale. An identical action was filed by plaintiff, but was dismissed due to plaintiff's failure to properly plead subject matter jurisdiction.[3] See

---

[3] In the prior action, plaintiff failed to establish diversity jurisdiction because it did not include in its pleadings the citizenship of each member of plaintiff and defendant LLCs. See BRT, CV-08-00749-PHX-JAT (doc. 34). As addressed in our prior order, plaintiff has sufficiently plead diversity jurisdiction in this action. See Complaint ¶¶ 3-19, 22.

BRT Funding, LLC v. Carlsbad Dev. I, LLC et al., CV-08-00749-PHX-JAT. Because that action was dismissed due to counsel's own pleading failures, we have reviewed the billing statement and excluded from our award any work performed for that action. We have removed 1.6 hours for Michael Latham, 16.4 hours for Sean McElenney, 14.9 hours for Jason Reed, and .4 hours for Patricia Markovich. Accordingly, we award $51,469.50 in fees ($275 x 130.9 hrs. + $200 x 38.6 hrs. + $150 x 20.3 hrs. + $90 x 52.3 hrs.).

Plaintiff also asks for $310.17 in computerized research expenses, which are generally recoverable as attorneys' fees. Trustees of the Constr. Indus. & Laborers Health & Welfare Trust v. Redlands Ins. Co., 460 F.3d 1253, 1258–59 (9th Cir. 2006). Based on plaintiff's descriptions regarding the purpose of the research, we find these fees to be reasonable and include them in our award.

Plaintiff also seeks $1,390 in costs, including the filing fee for this action and the cost to serve defendants. We have reviewed the summary of these costs and find them to be reasonable. Decl. of Counsel, Ex. C.

We, therefore, grant attorneys' fees and costs in the amount of $53,169.67 ($51,469.50 + 310.17 + $1,390).

**III**

Accordingly, **IT IS ORDERED GRANTING** plaintiff's motion for default judgment as to Carlsbad, Richard Bennion, Tad Gygi, Randy Krantz, and D. Gregory Hales (doc. 28). Judgment shall be entered in favor of plaintiff in the amount of $21,604,857.76 with 24.5% per annum interest accruing on the principal balance of the loan from March 20, 2009 until it is paid in full.

DATED this 12th day of August, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge